# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Thomas Myers, ) | |
| ) | |
| Plaintiff, ) | 2:17-CV-00002 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| Maniilaq Association, ) | [Re: Motions at Dockets 40, 44] |
| ) | |
| Defendant. ) | |

## I. MOTION PRESENTED

At docket 40 Defendant Maniilaq Association ("Maniilaq") moves pursuant to Federal Rule of Civil Procedure 56 for summary judgment on all claims brought by Plaintiff Thomas Myers ("Myers"). Maniilaq supports the motion with a memorandum of points and authorities at docket 41 and affidavits at dockets 42 and 43. Maniilaq additionally moves at docket 44 for summary judgment on Myers' claim that Maniilaq breached the implied covenant of good fath and fair dealing. Maniilaq supports that summary judgment motion with a memorandum at docket 45 and affidavits at

dockets 46 and 47.[1]  Myers did not file an opposition to either motion.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

On December 10, 2013, Maniilaq's then-President/Chief Executive Officer Patrick Anderson hired Myers as a "Senior Lean Sensei," tasked with implementing Anderson's preferred "Lean Management System."[2]  Five days after Maniilaq terminated Anderson, Maniilaq also terminated Myers by memorandum hand-delivered to Myers on January 29, 2014.[3]  Myers left Maniilaq that day and did not return to work after that date.[4]  Myers filed the instant suit in this Court on January 31, 2017.[5]  Maniilaq now moves for summary judgment on all claims in Myers' wrongful discharge complaint as time-barred by the applicable statute of limitations.[6]  Maniilaq additionally moves for summary judgment on the merits of Myer's claim that Maniilaq breached the implied covenant of good faith and fair dealing.[7]

---

[1]The affidavits at dockets 46 and 47 are identical to the filings at dockets 42 and 43.

[2]Doc. 42 at 2 ¶ 5; Doc. 43 at 2 ¶ 4; Doc. 43-2; Doc. 43-3; Doc. 43-4.

[3]Doc. 42 at 3 ¶¶ 7-10; Doc. 42-2; Doc. 42-3; Doc. 45 at 3.

[4]Doc. 42 at 3 ¶ 10.

[5]Doc. 1.

[6]Doc. 40; Doc. 41.

[7]Doc. 44; Doc. 45.

## III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[8] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[9] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[10] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[11]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[12] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[13] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for

---

[8] Fed. R. Civ. P. 56(a).

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[10] *Id.*

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[12] *Id.* at 323.

[13] *Id.* at 323-25.

trial.[14] All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the non-movant.[15] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[16]

The Court cannot grant summary judgment based solely on the fact that no opposition was filed in this case. The Local Civil Rules for the United States District Court for the District of Alaska state that "[n]o unopposed motion for summary judgment will be granted unless the court is satisfied that there are no disputed issues of material fact and that the moving party is entitled to the decision as a matter of law."[17] In other words, summary judgment motions are not governed by the usual default judgment principles; rather, a court must determine whether the movant is entitled to judgment as a matter of law even if the motion is unopposed.[18] A court must consider the merits of the motion and ensure that the motion is supported by sufficient evidentiary materials.[19]

---

[14]*Anderson,* 477 U.S. at 248-49.

[15]*Id.* at 255.

[16]*Id.* at 248-49.

[17]D. Ak. L.R. 7.1(d)(2).

[18]*Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

[19]*United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101-1102 (11th Cir. 2004).

# IV. DISCUSSION

## A. Motion at Docket 40

Maniilaq first moves for summary judgment on the ground that Myers failed to commence this action in the time allowed by law. In a federal diversity action brought under state law, "the state statute of limitations controls."[20] Under Alaska law, tort actions not arising from a contract are governed by AS 09.10.070(a), which provides a two-year statute of limitations.[21] Breach of contract claims must be brought within three years pursuant to AS 09.10.053.[22]

Myers' amended complaint raises wrongful discharge and breach of the implied covenant of good faith and fair dealing claims. In his complaint, Myers avers that, "[i]n early February 2014, [he] was given notice that he was . . . being discharged from his job with Maniilaq Association."[23] In support of its summary judgment motions, however, Maniilaq has provided uncontroverted evidence that Myers was terminated on January 29, 2014.[24] Myers' initial complaint was not filed until January 31, 2017,[25] three

---

[20] *Bancorp Leasing & Fin. Corp. v. Augusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987); *see also Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992) ("Statutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts." (citations and internal quotations omitted)).

[21] *Reed v. Municipality of Anchorage*, 741 P.2d 1181, 1185 (Alaska 1987); *see* AS 09.10.070(a).

[22] *McDonnell v. State Farm Mut. Auto. Ins. Co.*, 299 P.3d 715, 725 (Alaska 2013); *see* AS 09.10.053.

[23] Doc. 12 at 4 ¶ 17.

[24] Doc. 42 at 3 ¶¶ 7-10; Doc. 42-2; Doc. 42-3.

[25] Doc. 1.

-5-

years and two days after Myers was terminated. Myers asserts no basis for tolling, and none is apparent from the record. Thus, Myers' claims are untimely under either the two-year or three-year statute of limitations, and summary judgment is granted as to all claims.

B.   **Motion at Docket 44**

Maniilaq additionally moves for summary judgment on Myers' breach of the implied covenant of good faith and fair dealing claim on the grounds that Myers was terminated during his 90-day probationary period, and he cannot establish any legally cognizable damages from the alleged breach. But, because this Court has already determined that the claim is time-barred, it need not determine whether any other ground independently supports granting summary judgment on that claim. The motion for summary judgment at docket 44 is therefore denied as moot.[26]

## V.  CONCLUSION

For the reasons above, the motion for summary judgment at docket 40 is **GRANTED**, and the motion for summary judgment at docket 44 is **DENIED** as moot. The Clerk will please enter judgment for the defendant.

DATED this 17th day of September 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[26] Maniilaq filed two separate motions for summary judgment in contravention of this Court's local rules, which provide that summary judgment should be sought in a "[s]ingle [m]otion" that "contain[s] all the grounds upon which the moving party relies and address[es] all causes of action or affirmative defenses raised in the pleading challenged." D. Ak. L.R. 56.1(a). Because the Court has denied the second summary judgment motion as moot, the Court finds that Maniilaq's failure to comply with Local Rule 56.1(a) is immaterial.